# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JACOBO LOYOLA-DOMINGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV328 |
| | ) | 1:03CR373-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jacobo Loyola-Dominguez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury convicted Petitioner of illegal reentry of an aggravated felon in violation of 8 U.S.C. § 1326(a). (Docket nos. 7, 19 (criminal case)) The court sentenced him to 102 months in prison. (Id. docket no. 21) Petitioner did not appeal.

Petitioner then filed this section 2255 motion. (Docket no. 1)[1] He raises one ground for relief claiming that his conviction was obtained by "using unconstitutional guidelines with subsequent sentencing." (Id. at 4) Respondent has responded to the motion. (Docket no. 3) Petitioner has filed a motion for extension of time to file his reply brief (docket no. 7), and has filed his reply brief. (Docket no. 8) The motion

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

for extension of time will be granted. The motion to vacate sentence is now ready for ruling.

## DISCUSSION

Petitioner's ground for relief is based upon United States v. Booker, 125 S.Ct. 738 (2005). (Docket no. 1 at 4) His conviction became final ten days after entry of judgment because he did not appeal. Clay v. United States, 537 U.S. 522 (2003). Petitioner's judgment was entered on September 8, 2004. (Docket no. 21 (criminal case)) His judgment therefore became final in September 2004. Booker was decided in 2005 and it would have to be applied retroactively to benefit Petitioner; however, this cannot be done. See Booker, 125 S.Ct. at 769 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 542 U.S. 348 (2004) (Ring and a fortiori Apprendi do not apply retroactively on habeas review). Petitioner's ground for relief should therefore be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's motion for an extension of time to file a reply brief (docket no. 7) be **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
October 21, 2005